UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-328-FDW

| | |
|---|---|
| JASON R. LEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| GREGORY NEWMAN, ) | |
| Henderson County District Attorney, ) | |
| TAMARA M. LEE, Attorney, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. § 1915(e). Plaintiff has been granted in forma pauperis status. (Doc. No. 8).

**I.     BACKGROUND**

Pro se Plaintiff Jason R. Leach is a pre-trial detainee incarcerated at the Henderson County Detention Facility in Hendersonville, North Carolina. In this civil rights action, brought under 42 U.S.C. § 1983, Plaintiff has named as Defendants Henderson County District Attorney Gregory Newman and attorney Tamara Lee, whom Plaintiff identifies as his court-appointed attorney in his underlying state criminal proceedings. Plaintiff alleges that Defendants have violated his "Fifth, Fourteenth and by extension Sixth Amendment constitutional rights." (Doc. No. 1 at 3). In support, Plaintiff states:

> On or about March 7, I was scheduled to attend my probable cause hearing. I was taken to the court holding cell but never to the courtroom. I had previously written my attorney, Ms. Tamara M. Lee and asked her specifically not to waive this hearing. I never saw Ms. Lee that day, nor was I taken to court. According to North Carolina's state constitution, a defendant has the right to his probable cause hearing within 15 business days from his 96-hour hearing. He must waive said hearing with both his and his attorney's signature to be presented to the district

1

court judge. Be denying me this hearing, my 5th and 14th amendment constitutional rights guaranteed to each American citizen of due process were violated by both the D.A. and my attorney. I feel that this is a case of prosecutorial misconduct for colluding with my court-appointed attorney to deny my due process rights and hamper my ability to build an adequate and vigorous defense. I also feel that my 6th amendment right to effective assistance of counsel was violated by appointing me an attorney who was more interested in aiding the D.A. and his wishes than she was at providing me a vigorous defense in accordance with my wishes.

(Doc. No. 1 at 5). As relief, Plaintiff seeks a dismissal of the criminal charges pending against him and for this Court to "expunge these charges from my record," as well as compensatory and punitive damages. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court will dismiss this action for several reasons. First, to the extent that Plaintiff has named as a Defendant the prosecutor who brought the charges against him, Defendant Newman is entitled to absolute prosecutorial immunity for actions taken while performing traditional

prosecutorial duties.  See Imbler v. Pachtman, 424 U.S. 409 (1976).  Next, Defendant attorney Lee is not a proper defendant in this Section 1983 action.  It is well established that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).   Finally, by Plaintiff's own statement, he has pending criminal charges against him in state court.  In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances.  401 U.S. 37, 43-44 (1971).  Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding.  Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).  Here, the Court finds that all of the elements of Younger have been met.  The Court will, therefore, abstain from addressing Plaintiff's claims related to the pending state charges.

## IV. CONCLUSION

For the reasons stated herein, this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed on initial review under 28 U.S.C. § 1915(e).

2. The Clerk is directed to terminate this action.

Signed: February 14, 2018

Frank D. Whitney
Chief United States District Judge